IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ERROLL WOODBERRY, #1284054 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-280 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Erroll Woodberry, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1).  Respondent filed a Motion for Summary Judgment with Brief in Support seeking the dismissal of Petitioner's writ.  (Instrument No. 9).  Petitioner has filed a Response to the Motion. (Instrument No. 13).  Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254.[1]  The State has custody of Petitioner pursuant to a judgment and sentence entered by the 363rd Judicial District Court of Dallas County, Texas in Cause No. F-0148476-W.  On May 22, 2001, pursuant to a plea bargain agreement, Petitioner pled guilty to the offense of robbery, which

---

[1] Petitioner is incarcerated at the Terrell Unit, which is located in Brazoria County, Texas, and within the jurisdiction of the Southern District of Texas.   *See Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (jurisdiction is proper where the county where the inmate is convicted or where he is incarcerated).

was enhanced, and received a sentence of 10 years in the penitentiary, probated for 10 years, and a fine.  A motion to revoke probation was filed on January 14, 2005.  Pursuant to another plea agreement, on January 31, 2005, Petitioner's probation was revoked and he was sentenced to 6 years imprisonment.  The judgment reflects that the trial court credited him with various amounts of time. Petitioner did not file an appeal.

On September 16, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *Ex parte Woodberry*, Applic. No. WR-64-435-01. The trial court submitted findings of fact and conclusions of law to the Texas Court of Criminal Appeals ("CCA").  The CCA denied Petitioner's state habeas writ without written order on April 12, 2006.

Petitioner filed the instant writ on May 2, 2006.  Petitioner alleges he is entitled to federal habeas corpus relief based on the following claims:  (1) trial court judge denied him approximately 9 months of jail time credit while participating in the Substance Abuse Felony Program ("SAFP"); (2) trial court judge denied him credit for the approximate 6 months he spent in jail between February 24, 2004 and August 24, 2004;  (3) trial court judge's refusal to credit Petitioner with this approximate 15 months of time amounts to cruel and unusual punishment; and (4) trial court judge's refusal to credit Petitioner with this approximate 15 months of time amounts to the imposition of multiple punishments.  Pet'r Writ at 7-8.

<u>Claim No. 1 (Credit for SAFP)</u>:

Petitioner claims he is entitled to 9 months of credit while he was at SAFP.  His claim is without merit.  Under Texas law, a substance abuse facility is considered a community corrections facility.  *See* Tex. Gov't Code § 509.001(1)(C).  Probationers are not entitled to sentence credit for

2

time spent in such facilities.  Tex. Code Crim. Proc. art. 42.12, § 18(c) (defendant may not apply for time spent in community corrections facility towards completion of prison sentence when community supervision is revoked);  Tex. Code Crim. Proc. art. 42.03, § 2(a) (requiring judge to credit sentence for time spent in jail "other than confinement served as a condition of community supervision).  The State habeas court determined that Petitioner was not entitled to jail time credit for time spent in a drug treatment facility.  The State court decision is neither contrary to federal law nor unreasonable.  *See Waites v. Cockrell*, 2001 WL 1545863 (N.D. Tex. Nov. 26, 2001) (federal habeas petitioner not entitled to credit for time spent in drug treatment facility);  *Ex parte Stover*, 946 S.W.2d 343, 345 (Tex.Crim.App. 1997) (holding no entitlement to this credit under Texas law);  *Ex parte Roberts*, 987 S.W.2d 575, 576 (Tex.Crim.App. 1999) (same);  *Ex parte Walker*, 150 S.W.3d. 429, 432 (Tex.Crim.App. 2004) (same).

The Court therefore **RECOMMENDS** that the Petition be **DENIED** as to this issue.

Claim No. 2 (Denial of Jail Time Credit Issue)

Petitioner contends he has not been properly credited for all his jail time served.  In particular, Petitioner alleges he has been denied credit for jail time from February 24, 2004, to August 24, 2004.  Texas law provides that "the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for all time that the defendant has spent in jail in said cause ... from the time of his arrest and confinement until his sentence by the trial court." Tex. Code Crim. Proc. art. 42.03, § 2(a).

Contrary to his assertions, the record reflects that the trial court judge credited Petitioner with this time.  Specifically, the order of judgment reflects that the trial court judge gave Petitioner credit for the following time periods:

3

> January 18, 2001 through May 25, 2001;
> May 15, 2003 through August 27, 2004; and
> December 8, 2004 through January 31, 2005.

This appears to be a total of approximately 650 days.  Furthermore, the TDCJ-CID records reflect that these time credits were given as Petitioner's sentence "begin date" is April 24, 2003. Petitioner's claim is without merit.  The Court therefore **RECOMMENDS** that the Petition be **DENIED** as to this issue.

Claim Nos. 3 and 4 (Cruel & Unusual; Multiple Punishments):

Respondent contends that Petitioner did not present either his third or fourth claim either in a petition for discretionary review or in his state habeas writ (*Ex parte Woodberry*, WR 64-435-01 at 2-15) and these claims are, therefore, unexhausted and now procedurally barred.  A Petitioner must exhaust all his remedies in state court before seeking federal relief.  28 U.S.C. § 2254(b)(1). In this case, Petitioner was required to file all his claims in his Article 11.07 application.  He is barred from re-presenting them in a subsequent state writ unless he can show they could not have been brought in the first application or that he would have been found innocent but for a violation of the federal Constitution.  Tex. Code Crim. Proc. Art. 11.07 § 4(a)(1)( & (2).  The Court's review of the record in this case shows that Petitioner can meet neither of these exceptions.

Federal law, in turn, prevents him from submitting claims in a federal habeas proceeding that would be procedurally barred in state court.  *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To avoid this bar, Petitioner must show (1) cause for the default and prejudice attributable to it, or (2) the court's refusal to consider the claim will result in a miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 759 (1991).  Petitioner has presented no evidence on this matter, and the

4

record does not support either exception.  The Court therefore finds his unexhausted claims to be procedurally barred from habeas review.

Finally, even to the extent these claims were not procedurally barred, Petitioner's claims are without merit.  *See Ex parte Stover*, 946 S.W.2d 343, 345 (Tex.Crim.App. 1997) (holding that there is no violation of double jeopardy protection against multiple punishment for same offense when credit not afforded for time spent in drug treatment facility as a condition of probation which is later revoked).

The Court therefore **RECOMMENDS** that these claims be **DISMISSED** as procedurally barred or, in the alternative, without merit.

## CONCLUSION

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 9) be **GRANTED**; and the Petition for a Writ of Habeas Corpus of Errol Woodberry (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **November 28, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____7th_____ day of November, 2006.

_____
John R. Froeschner
United States Magistrate Judge